# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 24-cv-02839-REB-CYC

ACTALENT, INC.,

    Plaintiff,

v.

EVERGREEN RESEARCH US, LLC d/b/a ERI GROUP f/k/a EVERGREEN RESEARCH, INC.,

    Defendant.

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

**Blackburn, J.**

The matter before me is **Plaintiff's Motion for Default Judgment Pursuant to F.R.C.P. 55(b)(1)** [#12],[1] filed February 13, 2025.  I grant the motion.

I have jurisdiction over this case pursuant to 28 U.S.C. § 1332 (diversity of citizenship). Plaintiff duly served the corporate defendant in accordance with Fed. R. Civ. P. 4(h)(1)(B), on October 25, 2024.  (**See Proof of Service** [#6], filed October 31, 2024.)  Defendant failed to answer or otherwise respond within the time permitted by law, and thus has admitted the factual allegations of the complaint other than those relating to damages.  **See FED. R. CIV. P**. 8(d); **see also Burlington Northern Railroad Co. v. Huddleston**, 94 F.3d 1413, 1415 (10th Cir. 1996).  Entry of default pursuant to Fed. R. Civ. P. 55(a) was made by the clerk on December 3, 2024 [#8].  Plaintiff therefore is entitled to default judgment against defendant pursuant to Fed. R. Civ. P. 55(b).

The complaint asserts claims for breach of contract, or alternatively for unjust

---

[1] "[#12]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  I use this convention throughout this order.

enrichment, and for account stated ([#1], filed October 15, 2024).  The allegations of the complaint are sufficient to establish the elements of each of these claims.  **See Greenway Nutrients, Inc. v. Blackburn**, 33 F.Supp.3d 1224, 1260 (D. Colo. 2014) (unjust enrichment); **Western Distributing Co. v. Diodosio**, 841 P.2d 1053, 1058 (Colo. 1992) (breach of contract); **Rhode, Titchenal, Baumann & Scripter v. Shattuck**, 619 P.2d 507, 508 (Colo. App. 1980) (account stated).  Plaintiff therefore is entitled to damages.

Plaintiff seeks damages in the amount of unpaid invoices for services rendered between April 2024 and August 2024 pursuant to a valid contract between the parties.  The unrefuted evidence submitted with the motion establishes that defendant owes plaintiff $296,142.00 in principal plus $7,742.72 in contractual late fees.  Plaintiff is entitled to these damages.

In addition, plaintiff is entitled to prejudgment interest on the award of compensatory damages.  Under Colorado law, "[i]nterest shall be at the rate of eight percent per annum compounded annually for all moneys or the value of all property after they are wrongfully withheld or after they become due to the date of payment or to the date judgment is entered, whichever first occurs."  §5-12-102(1)(b), C.R.S.  **See Yousuf v. Cohlmia**, 741 F.3d 31, 46 (10th Cir. 2014) ("In a diversity case, '[t]he issue of possible entitlement to prejudgment interest is governed by state law.'") (citation omitted, alteration in original).  An award of prejudgment interest is required under Colorado law, §5-12-102(1), C.R.S.; **Todd v. Bear Valley Village Apartments**, 980 P.2d 973, 981 (Colo. 1999), and shall run from the date of the latest breach, September 20, 2024.  **See** §5-112-102(1); **Bowen v. Farmers Insurance Exchange**, 929 P.2d 14, 16 (Colo. App. 1996).

Plaintiff also is entitled to post-judgment interest "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week

preceding[] the date of the judgment." 28 U.S.C. § 1961(a) (footnote omitted). "Interest shall be computed daily to the date of payment . . . and shall be compounded annually." 28 U.S.C.A. § 1961(b). Post-judgment interest is due on the entire amount of the award, including both damages and prejudgment interest thereon. **See Bancamerica Commercial Corp. v. Mosher Steel of Kansas, Inc**., 103 F.3d 80, 82 (10th Cir. 1996) ("Moreover, the monetary award upon which post-judgment interest should accrue is the entire award granted by the district court, including the forthcoming award of prejudgment interest.").

Finally, the parties' agreement entitles plaintiff to its costs and attorney fees incurred in seeking payment of past due invoices. Plaintiff may file a motion proving up its attorney fees within 21 days of the date of this order. Costs may be sought in the time and manner prescribed by D.C.COLO.LCivR 54.1.

I therefore find and conclude that plaintiff is entitled to default judgment against defendant and an award of compensatory damages in the amount of $303,884.72 (comprised of $296,142.00 in compensatory damages and $7,742.72 in contractual late fees), plus prejudgment interest on that sum from September 20, 2024, to the date of judgment, post-judgment interest as calculated pursuant to 28 U.S.C. § 1961, costs of court, and attorney fees in an amount to be determined on further motion and proof.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff's Motion for Default Judgment Pursuant to F.R.C.P. 55(b)(1)** [#12], filed February 13, 2025, is granted;

2. That default judgment shall enter on behalf of plaintiff, Actalent, Inc., and against defendant, Evergreen Research US, LLC d/b/a ERI Group f/k/a Evergreen Research, Inc., as to all claims for relief and causes of action asserted herein;

3. That plaintiff is awarded compensatory damages in the amount of $303,884.72, plus prejudgment interest thereon at the rate of eight percent per annum compounded annually from

September 20, 2024, to the date of judgment;

    4.  That plaintiff is further awarded post-judgment interest calculated from the date of judgment as provided by 28 U.S.C. § 1961;

    5.  That plaintiff is awarded its costs, to be taxed by the clerk pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

    6.  That plaintiff is awarded its attorney fees as contemplated by the parties' contract, and shall file a motion for attorney fees within **twenty-one (21) days** of the date of this order for default judgment.

    Dated April 28, 2025, at Denver, Colorado.

                                          **BY THE COURT:**

                                          *[signature]*
                                          Robert E. Blackburn
                                          United States District Judge

Case No. 1:24-cv-02839-REB-CYC   Document 18   filed 04/28/25   USDC Colorado